```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                       BECKLEY
```

**GUISEPPE L. WALLACE, SR.,**

    **Movant,**

v.                                         **Case No. 5:02-cr-00101-1**
                                             **Case No. 5:04-cv-01152**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence, filed pursuant to 28 U.S.C. § 2255, on October 25, 2004 (docket sheet document # 196), which is supported by a Memorandum ("Mem.," # 205), filed on June 9, 2005.

Movant, Guiseppe L. Wallace, Sr., (hereinafter referred to as "Defendant"), is serving a sentence of 235 months, to be followed by a three year term of supervised release, upon his conviction by a jury of conspiracy to distribute cocaine base (Count One), in violation of 21 U.S.C. § 846, distribution of cocaine base (Counts Two and Three), and aiding and abetting distribution of cocaine base (Counts Four, Five and Seven), in violation of 21 U.S.C. § 841(a)(1).  (Judgment in a Criminal Case, # 118, entered February 11, 2003.)  The District Court also imposed a special assessment and waived imposition of a fine.  Id.

Defendant's direct appeal was unsuccessful.  United States v.

Wallace, No. 03-4217, 73 Fed. Appx. 594 (4th Cir. Aug. 25, 2003). A petition for a writ of certiorari was not filed. Accordingly, Defendant's conviction was final ninety days after entry of judgment by the Fourth Circuit, or November 24, 2003.

### Grounds for Relief

Defendant raises the following grounds for relief in his Motion:

> A. Ground one: Defense counsel was ineffective for failure to investigate the fact of the case prior to trial or during trial.
>
> B. Ground two: Defense counsel was ineffective for failure to investigate the government's indictment charging Mr. Wallace with drug counts with no specific drug amounts.
>
> C. Ground three: Counsel was ineffective for failure to call witnesses that would have provided information that Mr. Wallace did not have a drug source.
>
> D. Ground four: Counsel violated the defendant's right to confront his accusers.
>
> E. Ground five: Prosecutor misconduct.

(Motion, # 196, at 2-10.) Defendant elaborates on his arguments in his Memorandum (# 205), filed on June 9, 2005.

On May 24, 2006, Defendant filed a Supplemental/Amended § 2255 motion (# 219), and a memorandum (# 220), which raise the following grounds for relief:

> Ground [six]: Retroactivity is not at issue: Blakely v. Washington clarified constitutional and existing case law. Due process requires that it be applied to prior case.
>
> Ground [seven]: A violation of the rule in Blakely v.

2

Washington is a structural error that must be corrected in all cases.

Ground [eight]: If Blakely is a new rule of substantive law and Teague v. Lane does not apply.

Ground [nine]: Base Offense Level points versus unconstitutional application of "enhancement" points creating an erroneous guideline. Calculation used at sentencing in violation of Fifth and Sixth Amendment rights.

Ground [ten]: The United States District Court committed plain error and violated Sixth Amendment protections when sentencing Movant to a term of imprisonment.

Ground [eleven]: The District Court erred in admitting the testimony of Guiseppe L. Wallace, Jr., aka "Little Joe," during the trial of Guiseppe L. Wallace, Sr., in violation of Federal Rule of Evidence 801(d)(2)(E).

Ground [twelve]: The U.S. District Court erred by denying Guiseppe L. Wallace, Sr.'s motion for acquittal because there was insufficient evidence to convict him of conspiring with his sons to distribute cocaine base.

Ground [thirteen]: The U.S. District Court erred when imposing sentences for crimes never charged which resulted from a failure to charge a specific threshold drug quantity in the indictment and submit it to the jury, was reversible error.

**Facts**

The facts of the case as recited by the Fourth Circuit are as follows:

> From December 1999 to January 2002, Guiseppe, Sr. and his sons, Guiseppe L. Wallace, Jr. and Cruso, sold cocaine base in and around Guiseppe's, Sr.'s residence.
>
> * * *
>
> The evidence shows that, over a period of several years, Guiseppe, Sr. provided a place where drug deals were arranged and often occurred and that, when he could not fill an order, he would refer the customer to one of

3

>    his sons.  The confidential informant testified that the
>    Wallaces worked together to fill orders and cooperated
>    together to make sure the customers were satisfied.

Wallace, 73 Fed. Appx. 594, 596.

## Ineffective Assistance of Counsel

## Grounds One, Two and Three

The Supreme Court addressed the right to effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984).  In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel.  Id. The first prong is competence; Defendant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-91.  There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. 466 U.S. at 688-89.

>    In order to meet the first prong, a defendant must
>    identify the acts or omissions of counsel that are
>    alleged not to have been the result of reasonable
>    professional judgment.  The court must then determine
>    whether, in light of all the circumstances, the
>    identified acts or omissions were outside the wide range
>    of professionally competent assistance. . . [C]ounsel is
>    strongly presumed to have rendered adequate assistance
>    and made all significant decisions in the exercise of
>    reasonable professional judgment.

460 U.S. at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.  The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice.  Strickland, 466 U.S. 697.

**Ground one: Weapon**

In his first ground for relief, Defendant asserts that his attorney, Assistant Federal Public Defender David Bungard, was ineffective with respect to the government's evidence that Defendant pulled a gun on police when they entered his residence to arrest him.  Defendant argues that Mr. Bungard used the wrong approach; he should have raised the issue of illegal search and seizure based on the absence of a valid search warrant. (Motion, at 2; Mem. at 7.)  He also complains that Mr. Bungard did not contend that the reason that Defendant had a weapon is because there was an invalid person living in the home.  Id.  Finally, Defendant contends that his attorney should have objected to the two-level firearm enhancement at sentencing, and raised the issue on direct appeal.  (Motion, at 5; Mem. at 9.)

A review of the record reveals that Mr. Bungard filed a motion in limine concerning the weapon (# 38).  When police entered the residence to arrest Defendant at approximately 7:00 a.m. on May 2, 2002, Defendant was sleeping on a sofa in a front room.  The

5

officers knocked and announced their presence but did not get a response. They broke down the door; as they entered, Defendant was observed with a handgun in his hand, allegedly raising it toward the officers. They disarmed him. Defendant was wearing a holster on his belt.

The presiding District Judge took the motion under advisement and instructed the prosecution to approach the bench before mentioning the evidence to the jury (# 66). The United States did not offer the evidence at trial.

The presentence investigation report ("PSR") noted Defendant's actual possession of a firearm and increased the offense level by two levels, pursuant to U.S.S.G. § 2D1.1(b)(1). Defendant never denied possession of the firearm when the officers entered. Defendant informed the probation officer that he pointed the firearm at the ceiling, and laid the gun on the floor when instructed by the officers (Addendum to PSR).

The lack of a search warrant is irrelevant, given that the officers lawfully entered Defendant's residence to execute an arrest warrant for Defendant, and had the right to make a protective sweep for officer safety. The weapon was not introduced into evidence at trial, so there was no purpose in filing a motion to suppress. There was no dispute that Defendant possessed a firearm when arrested; moreover there were statements to the effect that Defendant was armed when he engaged in drug transactions.

Accordingly, there would have been no basis in fact to object to the two-level enhancement. The presence of a disabled person in the residence is no excuse for the presence of the weapon at drug transactions.

Defendant also relies on the cases of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005), for the proposition that the weapon enhancement was a violation of Defendant's Sixth Amendment right to have the issue determined by the jury. As previously noted, Defendant's conviction was final on or about November 24, 2003, before either <u>Blakely</u> or <u>Booker</u> was decided.

On January 12, 2005, the Supreme Court decided <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), which reaffirmed the Court's holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), applied the holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The <u>Booker</u> holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting <u>Griffith</u>

v. Kentucky, 479 U.S. 314, 328 (1987)). Defendant's case has concluded direct review and is final. Thus Booker does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

On November 7, 2005, the United States Court of Appeals for the Fourth Circuit held:

> The rule announced in Booker is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the rule is not available for post-conviction relief for federal prisoners, like Morris, whose convictions became final before Booker (or Blakely) was decided.

United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

Nine other Circuit Courts of Appeals previously reached the same conclusion and ruled that Booker does not apply retroactively to cases on collateral review. See United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); Padilla v. United States, 416 F.3d 424 (5th Cir. 2005)(per curiam); Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005)(per curiam); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3rd Cir.), cert. denied, 126 S. Ct. 288 (2005); Guzman v. United States, 404 F.3d 139 (2nd Cir.), cert. denied, 126 S. Ct. 731 (2005); Humphress v. United States, 398 F.3d 855 (6th Cir.), cert. denied, 126 S. Ct. 199 (2005); Varela v. United States, 400 F.3d 864 (11th Cir.)(per curiam), cert. denied, 126 S. Ct. 312 (2005); McReynolds v. United States, 397 F.3d 479 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005). Not one circuit court of appeals has

decided that <u>Blakely</u> or <u>Booker</u> applies retroactively on collateral review.

Based on <u>Morris</u>, and the other decisions rendered by circuit courts of appeals reaching the same conclusion, the undersigned proposes that the presiding District Judge **FIND** that Movant's conviction was final before <u>Blakely</u> and <u>Booker</u> were decided, and that neither <u>Blakely</u> nor <u>Booker</u> applies retroactively on collateral review.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's Ground One lacks any merit, that Defendant's Fifth and Sixth Amendment rights were not violated, and that Defendant was not denied effective assistance of counsel, all as alleged in his first ground for relief.

**Ground Two: Lack of drug quantity in indictment**

Defendant claims that his attorney was ineffective for failing to challenge the indictment for failure to specify drug amounts. (Motion, at 6; Mem., at 7-9.) He contends that only 2.06 grams of cocaine base could have been attributed to himself. None of the counts in which Defendant was named included a specific amount. (# 1.) He argues that his conviction "has to be reversed for a violation of Mr. Wallace's Sixth Amendment to be made aware of the specific charges against him and to have a jury determine the punishment for those drugs." (Motion, at 7.) Defendant relies on the <u>Blakely</u> and <u>Booker</u> decisions. Defendant's Memorandum (# 205)

contains extensive arguments that Blakely and Booker should apply to his case. (Mem., at 2-6.)

Without a specific quantity of cocaine base being charged by the grand jury, Defendant was exposed, as to each count, to a prison term of up to twenty years. 21 U.S.C. § 841(b)(1)(C). Defendant's sentence of 235 months is less than the statutory maximum. Thus, according to the law at the time that his conviction became final, Defendant's sentence was lawful.

Based on Morris, and the other decisions rendered by circuit courts of appeals reaching the same conclusion, the undersigned proposes that the presiding District Judge **FIND** that Movant's conviction was final before Blakely and Booker were decided, and that neither Blakely nor Booker applies retroactively on collateral review.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's Ground Two lacks any merit, that Defendant's Sixth Amendment rights were not violated, and that Defendant was not denied effective assistance of counsel, all as alleged in his second ground for relief.

**Ground three: Lack of drug source**

Defendant contends that his attorney was totally ineffective for his failure to call Marlo Wallace (Defendant's son) to the stand to give testimony that his father did not have a source for drugs. (Motion, at 8.) He notes that paragraph 41 of the PSR

supports this contention. It reads:

> 41. According to Marlo Wallace, individuals would call, prior to visiting the home, to buy drugs, although those known to the Wallace family would sometimes appear unannounced. Marlo Wallace also advised that "Little Joe" was the primary source of drugs. If "Little Joe" was unable to provide drugs for resale, Cruso Wallace had a source for drugs in Beckley. Marlo Wallace also advised that his father did not have a source of drugs but obtained his drugs from "Little Joe."

(PSR, ¶ 41, at 10.) Defendant describes his son Marlo as having "the credibility of a sewer rat," and as being a crack addict. (Motion, at 7.)

It is irrelevant whether or not Defendant himself had a source for drugs. Defendant was convicted of engaging in a conspiracy to distribute, of distributing, and of aiding and abetting distribution of crack cocaine. It is plain from the PSR that if defense counsel had called Marlo Wallace to testify, he would have supported the government's case against Defendant.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's Ground Three lacks any merit, that Defendant's Sixth Amendment rights were not violated, and that Defendant was not denied effective assistance of counsel when his attorney did not call Marlo Wallace to testify, all as alleged in his third ground for relief.

### Additional claim of ineffectiveness

In his Memorandum filed on June 9, 2005, Defendant asserts that he was denied effective assistance of counsel when Mr. Bungard

failed to object to or question Guiseppe Wallace, Jr.'s testimony. (Mem., at 9-10.) Defendant contends that Guiseppe Wallace, Jr. testified falsely that Guiseppe Wallace, Sr. received proceeds from a drug deal. Id. This entire argument is confusing because Defendant supports his contention with an excerpt of Guiseppe Wallace, Jr.'s testimony that Wallace, Jr. received the proceeds of the drug deals in question. In any event, Mr. Bungard's cross-examination of Guiseppe Wallace, Jr. was well within the wide range of reasonable professional assistance, and Defendant was clearly not denied effective assistance of counsel as to this point.

### Ground four: Confrontation of witnesses

Defendant claims that his right to confront his accusers was violated when his relevant conduct drug quantity was increased based on information provided by two witnesses, Marlo Wallace and Ann Francis Saleh, who did not testify at trial. (Motion, at 8.) Defendant relies on Crawford v. Washington, 541 U.S. 36 (2004).

The Fourth Circuit has not addressed this issue in a published opinion. In an unpublished opinion, United States v. Sanders, No. 04-5000, 2006 WL 1222695 (4th Cir. May 8, 2006), the Court has adopted the reasoning of those circuit courts of appeals which have held that Crawford did not make the Confrontation Clause applicable at sentencing. United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005); United States v. Roche, 415 F.3d 614, 618 (7th Cir.), cert. denied, 126 S. Ct. 671 (2005); United States v. Luciano, 414

12

F.3d 174, 179 (1st Cir. 2005); United States v. Martinez, 413 F.3d 239, 243-44 (2d Cir. 2005), cert. denied, 126 S. Ct. 1086 (2006).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's Ground Four lacks any merit, that Defendant's right to confront his accusers was not violated when his relevant conduct was determined, at least in part, on the basis of statements given by witnesses who were not subject to cross-examination.

### Ground five: Alleged prosecutorial misconduct

Defendant asserts that his conviction and sentence was the result of overzealous prosecution and a conspiracy involving the law enforcement agents, informants, and Judge Haden. He complains that his defense attorney "did nothing to upset the scheme of the Government." (Motion, at 10.)

This is a patently frivolous ground for relief. The undersigned proposes that the presiding District Judge **FIND** that Defendant's Ground Five lacks any merit.

### Supplemental/Amended § 2255 Motion and Memorandum

Defendant's Supplemental/Amended § 2255 motion and memorandum (## 219 and 220) were filed on May 24, 2006. The first inquiry is whether the grounds for relief raised in these documents relate back to the original § 2255 motion or whether they are barred by the one year period of limitation.

Rule 12 of the Rules Governing Section 2255 Cases in the

13

United States District Courts provides:

> If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules.

Rule 15(c) of the Federal Rules of Civil Procedure states as follows:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
> **(1)** relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> **(2)** the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> **(3)** the amendment changes the party or the naming of the party . . . .

The court has examined Movant's arguments with respect to Blakely, and compared them with the issues raised in the original § 2255 motion, as previously amended, and finds that the claims asserted in the Supplemental/Amended motion and memorandum arose out of the conduct, transactions, or occurrences set forth in the original pleading, and thereby relate back.

**Grounds six, seven, eight, nine, ten, thirteen: Blakely**

These six grounds for relief are variations on the theme that Defendant should be re-sentenced in light of Blakely and Booker. As set forth above, the Fourth Circuit, in Morris, held that

Blakely and Booker do not apply to a defendant, like Guiseppe Wallace, Sr., whose conviction was final before Blakely was decided.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant's Grounds Six through Ten and Thirteen lack merit.

### Grounds eleven and twelve: Evidence of conspiracy

In his eleventh ground for relief, Defendant argues that the District Court erred when it admitted the testimony of Guiseppe Wallace, Jr. in violation of Federal Rule of Evidence 801(d)(2)(E) [statement of a co-conspirator]. (# 219, at 9a; # 220, at 21-24.) This assertion is based on Defendant's contention that there was insufficient evidence of a conspiracy and Defendant's participation in it.  This  same claim was made by Defendant on direct appeal. The Fourth Circuit recited the facts (see pages 13-14 *infra*) and ruled:

> While perhaps not the most rigidly structured organization, the conspiracy operated with the aim of "sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market." [*United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996)(en banc).] Thus, we find that the evidence was sufficient to support the jury's verdict that Guiseppe, Sr. was a member of the charged conspiracy.

United States v. Wallace, 73 Fed. Appx. at 595.  Similarly, Defendant's twelfth ground for relief asserts that the District Court erred by denying his motion for acquittal based on insufficient evidence of a conspiracy to distribute cocaine base.

15

(# 219, at 9a; # 220, at 24-28.)

Ordinarily, an issue raised on direct appeal cannot be raised again in a § 2255 Motion. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). There has been no intervening change in the law which would warrant reconsideration of Defendant's sufficiency of the evidence claim.

Based on Boeckenhaupt, the undersigned proposes that the presiding District Judge **FIND** that Defendant's hearsay and sufficiency of the evidence claims were addressed on direct appeal and may not be raised again on collateral review. Accordingly, the undersigned proposes that the presiding District Judge find that Defendant's eleventh and twelfth grounds for relief are without merit.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge deny Movant's Motion filed pursuant to 28 U.S.C. § 2255, as amended and supplemented.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and three days (mailing/service),

from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Guiseppe Wallace, Sr., and to counsel of record.

June 8, 2006
Date

Mary E. Stanley
United States Magistrate Judge